IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| GERALD L. STROH, individually and on behalf of a class of similarly situated Georgia Citizens, | * * * |
| Plaintiff, | *   CASE NO. 4:08-CV-73 (CDL) * |
| vs. | * |
| COLONIAL BANK, N.A., | * |
| Defendant. | * * |

O R D E R

Plaintiff filed his Complaint in the Superior Court of Muscogee County, seeking to represent a class of Defendant's Georgia customers who obtained home loans from Defendant and paid off their loans but whose security deeds were allegedly not timely cancelled. Defendant removed the action to this Court, contending that jurisdiction is appropriate under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.). Plaintiff timely filed his Motion to Remand and for Attorney Fees Pursuant to 28 U.S.C. § 1447(c), and that Motion is presently pending before the Court. As discussed below, the Motion to Remand (Doc. 6) is granted, and this action is remanded to the Superior Court of Muscogee County. Plaintiff's request for costs and expenses, including attorney fees, is denied.

Defendant also filed a Motion to Dismiss (Doc. 2). Because the Court does not have subject matter jurisdiction over this action, the

Motion to Dismiss is moot. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) ("[A] federal court must remand for lack of subject matter jurisdiction notwithstanding the presence of other motions pending before the court.").

## FACTUAL BACKGROUND

Plaintiff alleges that he financed his home with Defendant and that he granted a security deed to Defendant in connection with the home loan. (Compl. ¶ 6.) Defendant filed the security deed in the Superior Court of Muscogee County. (Compl. ¶ 7.) Plaintiff paid the underlying loan in full on March 9, 2006. (Compl. ¶ 8.) Georgia law required that Defendant authorize and direct the Clerk of the Superior Court of Muscogee County to cancel the security deed within sixty days of the date of full payment. (Compl. ¶¶ 9-10.) *See* O.C.G.A. § 44-14-3(b)(1) (2002) (current version at O.C.G.A. § 44-14-3(b)(2) (2008)). Defendant did not cancel the security deed until after August 23, 2006—more than 150 days after the underlying loan was paid in full. (Compl. ¶¶ 11-12.) Plaintiff contends that he is entitled to $500 in statutory liquidated damages for Defendant's alleged failure to comply with O.C.G.A. § 44-14-3(b)(1). (Compl. ¶ 16.) *See* O.C.G.A. § 44-14-3(c) (2002) (current version at O.C.G.A. § 44-14-3-(c)(1) (2008)).

Plaintiff also alleges that Defendant failed to satisfy its statutory duty "with respect to more than forty of its customers." (Compl. ¶ 14.) Plaintiff seeks to represent a class of Georgia

2

citizens who borrowed funds from Defendant, whose loan was secured by a security deed, whose loan was paid in full, for whom Defendant did not submit a proper cancellation to the appropriate superior court within sixty days of the loan payoff, and whose security deed was not cancelled within sixty days of the loan payoff.  (Compl. ¶ 21.) Plaintiff's Complaint contains an *ad damnum* clause, claiming that "total damages for the entire class . . . amount to $4,500,000.00 or less and that under no circumstances will the total amount in controversy exceed $4,500,000.00."  (Compl. ¶ 22.)  Plaintiff contends that the time period for the class "begins on July 1, 1999[.]"  (Compl. ¶ 20.)

## DISCUSSION

**I. Plaintiff's Motion to Remand**

A.  Remand Standard

Under CAFA, federal courts have original jurisdiction over class actions in which the aggregate of the claims of individual class members exceeds $5,000,000 and "there is minimal diversity (at least one plaintiff and one defendant are from different states)." *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1327 (11th Cir. 2006) (internal quotation marks omitted); *accord Lowery v. Ala. Power* Co., 483 F.3d 1184, 1194 (11th Cir. 2007); see *also* 28 U.S.C. § 1332(d)(2), (6).[1] A class action may be removed to a federal court if the federal court

---

[1] In addition, the number of plaintiffs in all proposed plaintiff classes must exceed one hundred.  *Lowery*, 483 F.3d at 1194; *accord* 28 U.S.C. § 1332(d)(5)(B).

3

has original jurisdiction over the action.  28 U.S.C. § 1453(a), (b). Where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount.[2]  *Lowery*, 483 F.3d at 1208; *see also Miedema*, 450 F.3d at 1330.  And where, as here, the complaint contains an *ad damnum* clause limiting the amount of damages claimed, the removing party must prove "to a legal certainty" that the plaintiff's putative class claims exceed the jurisdictional amount.  *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  The removal statutes are construed narrowly, and "where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."  *Id.*; *accord Miedema*, 450 F.3d at 1330.

In assessing whether removal is proper under 28 U.S.C. § 1446(b), a court must "consider[] the document received by the defendant from the plaintiff—be it the initial complaint or a later received paper—and determine[] whether that document and the notice of removal unambiguously establish federal jurisdiction."  *Lowery*, 483 F.3d at 1213.  Thus, when considering the propriety of removal "the district court has before it only the limited universe of evidence available when the motion to remand is filed—i.e., the notice of removal and accompanying documents."  *Id.* at 1214 (footnotes omitted).  "If that evidence is insufficient to establish

---

[2]"If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction.  If not, the court must remand."  *Lowery*, 483 F.3d at 1211.

4

that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Id.* at 1214-15.  "The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars."  *Id.* at 1215.  In general, an affidavit by an employee of the defendant calculating the amount in controversy based on sales made or fees charged generally falls "outside the constraints of § 1446(b)" and should not be considered in deciding whether the defendant has met its burden of establishing jurisdiction.  *Id.* at 1214 n.65 (suggesting that the *Miedema* court's consideration of an affidavit regarding the number of sales and estimated damages per sale was improper but harmless because even considering the affidavit the defendants failed to meet their burden).  *But see id.* at 1214 n.66 (noting that a defendant may "introduce evidence regarding damages arising from a source such as a contract provision whether or not the defendant received the contract from the plaintiff" but that "[w]hen a plaintiff seeks *unliquidated damages* and does not make a specific demand . . . the factual information establishing the jurisdictional amount must come from the plaintiff") (emphasis added).

    B.   Defendant's Remand Arguments

Here, there is no dispute that CAFA's diversity of citizenship requirement is met.  The amount of damages per class member is easily

5

discernable; Plaintiff claims that each plaintiff meeting the statutory requirements is entitled to $500 in liquidated damages. (Compl. ¶ 16.)  *See* O.C.G.A. § 44-14-3(c) (2002).  However, the number of potential class members is not clear from the face of the Complaint.  Defendant makes two main arguments on this point, which are examined in turn below.

Defendant contends on one hand that Georgia law requires that each class member make a pre-suit demand for liquidated damages and that Plaintiff has not alleged that any potential class members have demanded liquidated damages or authorized Plaintiff to act on their behalf. (Def.'s Resp. to Pl.'s Mot. to Remand 8.)  *See SunTrust Bank v. Hightower*, 291 Ga. App. 62, 67, 660 S.E.2d 745, 749 (2008) (holding that O.C.G.A. § 44-14-3 requires that grantor make written demand for liquidated damages "as a condition precedent to creating the liability that serves as the basis for a lawsuit").  Under this argument, because Plaintiff has not made such allegations, the amount in controversy on the face of the Complaint is limited to Plaintiff's own liquidated damages of $500.00.  The Court is puzzled as to how this argument, even if accepted, supports Defendant's opposition to remand.  Under this argument, the $5 million amount in controversy requirement is clearly not met.

On the other hand, Defendant contends that the class size should be calculated based on the total number of Defendant's customers who paid off their loans during the relevant time period and not "based

6

on the number of people who are willing to have [Plaintiff] represent them."[3] (Def.'s Resp. to Pl.'s Mot. to Remand at 10.)  Defendant's argument completely misses the point: Plaintiff's proposed class simply does not include all customers who paid off their loans.  Rather, it includes *only* those borrowers whose security deeds *were not* timely cancelled and excludes the customers whose security deeds *were* timely cancelled.  (Compl. ¶ 21.)  Therefore, even if the Court were to consider an affidavit given by one of Defendant's employees stating that "over 11,000" of Defendant's Georgia customers paid off their loans during the relevant time period (Def.'s Resp. to Pl.'s Mot. to Remand at 10), Defendant's affidavit is too broad in its calculations.  Again, the class does not include *all* customers who paid off their loans during the relevant time period.  Rather, it includes only those customers who paid off their loans *and* whose security deeds were not timely cancelled.  (Compl. ¶ 21.)

The Court recognizes that requiring Defendant to establish the upper limit of damages by determining how many times it has violated O.C.G.A. § 44-14-3 would place Defendant in a quandary of essentially

---

[3] With this argument, Defendant seeks to squeeze this case into the same category as *Strawn v. AT&T Mobility, LLC*, 530 F.3d 293 (4th Cir. 2008).  There, the Fourth Circuit rejected the plaintiffs' argument that the class in that case be limited to those customers who were enrolled in a roadside assistance program without their knowledge *and* did not willingly remain enrolled in the program.  The court reasoned that the plaintiffs' proposed class included any customer who was enrolled in the program without requesting it, regardless of whether they later maintained the enrollment willingly.  *Strawn*, 530 F.3d at 299.  *Strawn* has no application here because the proposed class is limited to customers whose security deeds were not timely cancelled.

having to admit liability.  Nevertheless, the only evidence presently before the Court regarding class size is the total number of customers who paid off their loans during the relevant time period. There is no allegation in the Complaint that Defendant always, almost always, as a common course of conduct, or routinely failed to cancel security deeds in a timely manner.  Rather, Plaintiff simply alleges that Defendant failed to satisfy its statutory duty "with respect to more than forty of its customers."  (Compl. ¶ 14.)  Given these facts, to find that jurisdiction is proper here the Court would have to "look[] to the stars" and speculate that Defendant violated the statute with regard to nearly 91% of its 11,000 customers who paid off their loans during the relevant time frame.[4]  *Lowery*, 483 F.3d at 1215.  The Court declines to engage in such guesswork.  Therefore, the Court finds that Defendant has not met its burden of establishing the jurisdictional amount to a legal certainty.  Accordingly, the Court grants Plaintiff's Motion to Remand.

**II.  Plaintiff's Motion for Costs and Expenses**

Under 28 U.S.C. § 1447(c), the Court may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  In general, "[a]bsent unusual

---

[4] The statutory damages are $500.  For the amount in controversy to exceed $5 million as required under CAFA, Defendant would have had to violate O.C.G.A. § 44-14-3 with regard to more than 10,000 of its Georgia customers during the relevant time frame.  Again, based on Defendant's affidavit, approximately 11,000 of Defendant's Georgia customers paid off their secured loans since 1999.

8

circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*

Even if the Court were to find that Defendant lacked an objectively reasonable basis for seeking removal, Plaintiff has not supported his request for costs and expenses with any evidence upon which the Court could make such an award. Accordingly, Plaintiff's request for his costs and expenses is denied.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand (Doc. 6) is granted, and this action is remanded to the Superior Court of Muscogee County. Plaintiff's request for costs and expenses, including attorney fees, is denied. Defendant's Motion to Dismiss (Doc. 2) is moot in light of the Court's ruling on the Motion to Remand.

IT IS SO ORDERED, this 4th day of November, 2008.

                                          S/Clay D. Land
                                             CLAY D. LAND
                              UNITED STATES DISTRICT JUDGE